CERTIFICATE OF CLERK

STATE OF MISSISSIPPI

COUNTY OF HANCOCK

I, Kendra Necaise, Circuit Clerk of the said County and State, hereby certify that the

foregoing pages contain a true and correct copy of the complete file in Cause Number

23CI1:22-cv-0048 styled **PRENTIS GAMMAGE vs JINDAL TUBULAR USA, LLC & EXPRESS SERVICES INC D/B/A EXPRESS EMPLOYMENT PROFESSIONALS** as appears on file in my office this date.

Given under my hand official seal affixed, this the 9th day of August, 2022.

KENDRA NECAISE
CIRCUIT CLERK
HANCOCK COUNTY, MS

By: _____ DC

# Mississippi Electronic Courts
## Second Circuit Court District of Mississippi (Hancock Circuit Court)
## CIVIL DOCKET FOR CASE #: 23CI1:22-cv-00048
## Internal Use Only
## <u>Edit Case Data</u>
## <u>Edit Case Participants</u>

GAMMAGE v. JINDAL TUBULAR USA LLC et al
Assigned to: Judge Lawrence P. Bourgeois, Jr

**Upcoming Settings:**

None Found

Date Filed: 03/29/2022
Current Days Pending: 133
Total Case Age: 133
Jury Demand: None
Nature of Suit: Negligence - General (181)

---

**<u>Plaintiff</u>**

**PRENTIS GAMMAGE**

represented by **Michael W Crosby**
Michael W. Crosby, Attorney
Michael W. Crosby, Attorney
2111 25TH AVENUE
GULFPORT, MS 39501
228-865-0313
Fax: 228-865-0337
Email: michaelwcrosby@bellsouth.net
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**JINDAL TUBULAR USA LLC**

**<u>Defendant</u>**

**EXPRESS SERVICES INC D/B/A
EXPRESS EMPLOYMENT
PROFESSIONALS**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2022 | 1 | Civil Cover Sheet. (Shiyou, Jason) (Entered: 03/29/2022) |
| 03/29/2022 | 2 | COMPLAINT against EXPRESS SERVICES INC D/B/A EXPRESS EMPLOYMENT PROFESSIONALS, JINDAL TUBULAR USA LLC, filed by PRENTIS GAMMAGE. (Shiyou, Jason) (Entered: 03/29/2022) |
| 07/22/2022 | 3 | SUMMONS ISSUED TO ATTORNEY FOR PROCESS ON CAPITAL CORPORATE SERVICES, INC.. (Poyadou, Gretchen) (Entered: 07/22/2022) |
| 07/22/2022 | 4 | SUMMONS ISSUED TO ATTORNEY FOR PROCESS ON CT CORPORATION SYSTEM. (Poyadou, Gretchen) (Entered: |

| 08/09/2022 | 🌐 ✎ 📎 📷 <u>5</u> 📠 | LETTER FROM ATTORNEY REQUESTING CERTIFIED COPY OF FILE (Shiyou, Jason) (Entered: 08/09/2022) |
|---|---|---|

**Select Event**

| |
|---|
| Account Transaction - Circuit |
| ADR Documents |

[ Go to Event ]

# COVER SHEET

**Civil Case Filing Form**

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts    (Rev 2020)

**Court Identification Docket #**

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 3 1 C T | 2 0 2 2 | 0 0 0 4 8 |

County #    Judicial    Court ID
District   (CH, CI, CO)

Month: 0 3   Date: 2 9   Year: 2 2

This area to be completed by clerk

**Local Docket ID**

**Case Number if filed prior to 1/1/94**

In the **CIRCUIT** Court of **HANCOCK** County — Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual** Gammage    Prentis

Last Name     First Name     Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity,
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/b/A

**Address of Plaintiff**

**Attorney (Name & Address)** Michael W. Crosby     MS Bar No. 7888

Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

### Defendant - Name of Defendant - Enter Additional Defendants on Separate Form
**Individual**

Last Name     First Name     Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

[X] Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency.

**Business** Jindal Tubular USA LLC

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A.

**Attorney (Name & Address) - If Known**     MS Bar No.

Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest

- [ ] Alcohol/Drug Commitment (voluntary)
- [ ] Other

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death

**Exhibit "A"**

IN THE <u>CIRCUIT</u> COURT OF <u>HANCOCK</u> **COUNTY, MISSISSIPPI**

_____JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____   _____      Docket No. If Filed
             File Yr        Chronological No.        Clerk's Local ID        Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____ _____ (_____) _____ _____
                      Last Name                First Name        Maiden Name, if Applicable    Middle Init.     Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Express Services, INC.</u>
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

✓ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A <u>Express Employment Professionals</u>

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ (_____) _____ _____
                      Last Name                First Name        Maiden Name, if Applicable    Middle Init.     Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ (_____) _____ _____
                      Last Name                First Name        Maiden Name, if Applicable    Middle Init.     Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

FILED

PRENTIS GAMMAGE                                                                    PLAINTIFFS

MAR 2 9 2022

VERSUS                                                      Cause No.: 22-0048

JINDAL TUBULAR USA LLC &
EXPRESS SERVICES, INC. D/B/A
EXPRESS EMPLOYMENT PROFESSIONALS                                  DEFENDANT(S)

## COMPLAINT
(Jury Trial Demanded)

COMES NOW the Plaintiff, PRENTIS GAMMAGE, hereafter "Gammage," by and

through his attorney of record, Michael W. Crosby, and files this his Complaint against

Defendants, JINDAL TUBULAR USA LLC, EXPRESS SERVICES INC. D/B/A EXPRESS

EMPLOYMENT PROFESSIONALS, and in support would show unto this Court the following

facts, to wit:

## PARTIES

1.      PRENTIS GAMMAGE, hereinafter referred to as "GAMMAGE" is an adult resident

citizen of Harrison County, Mississippi at 1918 Pass Road Apartment A Biloxi, MS 39531.

2.      JINDAL TUBULAR USA LLC., hereinafter referred to as "JINDAL" is a foreign limited

liability company that and may be served with process by service upon its registered agent for

service of process, Capitol Corporate Services, Inc at 248 E Capitol Street Suite 840 Jackson,

MS 39201.

3.     EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS,

hereafter referred to as "Express," is a foreign corporation that may be served with process by

service upon its registered agent for service of process, C T Corporation System, 645 Lakeland

East Drive, Suit 101 Flowood, MS 39232.

4.     Also, venue is proper pursuant to Mississippi Code Annotated 11-11-3.

5.     **ISSUES OF LAW AND FACT TO BE DECIDED**

   a.     Is Gammage a third-party beneficiary of the contract/agreement in which his
   rights were protected by virtue of said agreement including Jindal, Express and its
   "associates."

   b.     Can an employer contract or agree to be responsible and therefore liable for
   damages, separate from the exclusive remedy provision of Workers' Compensation
   statute.

   c.     Did Jindal and/or Express conspire to conceal the unsafe practices and violations
   at Jindal:

      (1)     As a result of the failure to provide a suitable and safe workplace in
      compliance with said laws and regulations, was Gammage injured?

      (2)     What are the damages?

   d.     Did Jindal manufacture the relevant motorized equipment to the extent that it has
   a dual legal responsibility to Gammage.

   e.     Did Jindal and/or Express conspire to conceal the unsafe practices and violations
   at Jindal:

      (1)     from unsuspecting employees, which caused Gammage's injury?

      (2)     from OSHA's reporting requirements, which caused Gammage's injury?

   f.     Did Express know of the numerous employee injuries at Jindal and keep them
   from Gammage, thereby resulting in Gammage's injury?

## FACTS RELEVANT TO ALL ISSUES AND CLAIMS:

6. Gammage was an employee of Express. Express is a hiring service. Express sent Gammage to work for Jindal. Express promised Gammage that Jindal would be properly staffed making the job safe to work, and the equipment at Jindal would be safe and sufficient to complete the day to day tasks. These promises were not followed through. Jindal was severely understaffed causing the work conditions to become very dangerous.

7. Jindal is a manufacturing company which manufactures pipes and tubes used in offshore and onshore drilling, in both urban and rural water sectors for ports and commercial building. Most of the management and supervisors are from India, whereas most of the labor is from Mississippi. The majority of the staffing is provided by staffing companies, one of which is Express. Gammage is an "associate" of Express.

8. Jindal is an exceptionally unsafe workplace where numerous employees are frequently seriously injured. Most injuries are the result of gross and reckless negligence, including but not limited to the failure to comply with laws, rules and regulations intended to provide a safe workplace, including but not limited to OSHA's requirements, the failure to use common sense, inadequate supervision, training, and equipment with minimal safety features. As a result of these and other failures, GAMMAGE was seriously and permanently injured.

9. GAMMAGE can demonstrate that the unsafe practices and frequently employee injuries were known to both Jindal's and Express' management. The contractual/agreement arrangement between Jindal and Express allows Jindal to avoid the reporting requirements of OSHA and the concealment of numerous serious injuries by Jindal. The same applied to other staffing companies. The majority of the labor was supplied by staffing companies.

10.     There were numerous safety hazards at Jindal. Express concealed the danger Gammage would be in working there, but in need to have an income for his family he completed the tasks given to him even though the workplace was extremely understaffed causing the day to day activities to become much more dangerous than they should be in violation of many OSHA requirements. Gammage made many complaints, verbal and written, to both Express and Jindal that he needed help and it was unsafe for him to do his job by himself. Jindal would say they would fix the problem, but Gammage was their best welder, and he could handle it on his own in the meantime. In reality, Jindal was manipulating Gammage by praising his hard work and dedication to putting out the best product he could with no intentions on actually getting him the help he needed and requested breaching their good-faith and fair dealing.

11.     After being assigned by Express to Jindal for an extended period, Jindal hired Gammage full-time. After being hired by Jindal, Gammage continued to make written and verbal complaints that he needed help to make his tasks less dangerous. Still, Jindal did nothing to honor his complaints. On the 29th day of March, 2019, Gammage reported to Jindal as he had done on a regular basis. However, this day did not pan out like every other day he worked at Jindal causing the inevitable to happen. Gammage was operating a machine that would line the pipes up correctly. After getting the pipes lined up, Gammage would have to get off of the machine to go weld the pipes together. This was at least a two person job. There should have been one person operating the machine and one person welding the pipes. The reason this required two people is because if the pipes came loose their would be someone on the machine to move the pipes so someone did not get hurt. The pipes were approximately eighty (80) feet long and two (2) feet in diameter.

12.     Because Gammage was the only one tasked with this job he had to operate the machine, as well as weld the pipes together. As Gammage was operating the machine he made sure the pipes were in the correct position. After verifying they were in the correct position, he got off the machine and went to weld the pipes together. While he was attempting to weld the pipes together, the pipes came loose, and his body was smashed between two pipes. It caused his stomach to be completely punctured and his intestines to hang out of his body. He was stuck and there was nothing he could do but scream for help. This is what he did. Gammage was stuck between the pipes for hours, literally dying. Jindal did not want to cut the pipes because it would cost them a significant amount of money to do so. Jindal put the cost of cutting the pipes above the safety and life of Gammage. After being stuck between the pipes for hours, the fire department was outraged that nobody had done anything to save Gammage's life. They finally cut the pipes. Luckily, Gammage lived through this horrific event; however, it has caused him life altering/changes to his life. He has had numerous surgeries and is still having surgeries to this day all due to the concealment of Express and Jindal of hazardous working conditions.

## 13.     LAW REGARDING MISSISSIPPI'S WORKERS' COMPENSATION LAW AND --EXCLUSIVE REMEDY

14.     Workers' compensation was created to solve the problems associated with employees being treated like disposable machinery and being unable to secure compensation for injuries on the job. Workers' Compensation was intended to allow immediate compensation for work related injuries, in the scope of work, covering 100% of the medical damages and a portion of their wages, at the expense of full compensation found in the common law (i.e. it forces the employee to relinquish their right to sue his employer for the tort of negligence). Unfortunately, many times the employee must retain counsel and fight for his benefits, and often times the

clever employer will allow unsafe workplaces and fail to follow the regulations designed to protect the worker, because they need only be concerned with the exclusive remedy of Workers' Compensation. It is understood, unfortunately, that the employer can allow conditions to exist which place the employee in harm's way with foreseeable injury, but remain protected by the exclusive remedy, unless the employee can prove fraudulent concealment, fraud, or intentional injury. However, there are some additional considerations which provide recovery for injuries, irrespective of the exclusive remedy of Workers' Compensation, two of which include (1) contractual agreements that provide additional coverage for the employee and (2) situations involving a dual capacity. In the case at bar, GAMMAGE  has already been compensated for the coverages provided by Workers' Compensation. This Complaint is for the contractual damages by virtue of the contract entered into, which we do not yet have a copy of, but will get a copy during the discovery process of the case. Additionally, GAMMAGE  submits that Jindal operated in a "dual capacity," role by virtue of its manufacturing of its own equipment.

15.     In the case at bar, GAMMAGE asserts that he is the beneficiary and/or third-party beneficiary of the contract/agreement in which Jindal and Express identified him as Express' associate. GAMMAGE submits that Jindal, by contract/agreement, that it would provide a safe workplace and follow the applicable laws and regulations. Jindal did not do so, and as a result, GAMMAGE  was seriously injured.

16.     Additionally, GAMMAGE asserts that Jindal and Express both were aware of the unsafe workplace and failure to follow the applicable laws and regulations, and that employees were being injured as an exceptionally tragic frequency, all of which was concealed from GAMMAGE. This includes an arrangement to avoid reporting to OSHA the injuries at Jindal.

17.   Finally, GAMMAGE asserts that Jindal modified and redesigned its equipment, causing it to be unsafe, intentionally, to increase productivity at the expense of the health of the employees. While Mississippi Courts allows the employer to hide behind the exclusive remedy even when the employer willfully permits hazardous conditions to exist which are substantially certain, although not specifically intended, to result in injury or death of the employee, our Court does recognize that there is nothing in the Workers' Compensation law to prevent contracting for indemnity or additional liability.

18.   **CLAIMS FOR RELIEF:**

All facts and averments reference hereinabove, are incorporated herein by reference, and are applied to each and every count set forth herein. Jindal, with the knowledge of Express, did not provide a safe workplace, did not properly train and supervise its managers, and laborers, and modified and required use of equipment without minimum safety features as required by law, regulations, and common sense. The number of employees was inadequate for the work performed, which created an unsafe workplace, in direct contradiction to the contract which will be obtained during discovery.

19.   **A. BREACH OF CONTRACT**

20.   Jindal and Express entered into a contract/agreement, which will be provided to the Plaintiff during discovery, in which GAMMAGE was a beneficiary and/or third-party beneficiary, for valuable consideration, which GAMMAGE relied upon to his detriment. GAMMAGE complied with all duties imposed upon him by said contract/agreement and complied

21.   The Defendants defaulted in the performance of the terms, conditions, and stipulations of the above referenced contract.

22.    The Defendants deliberately made promises to the GAMMAGE when they expected that the GAMMAGE would rely on those promises. Those promises were known by the Defendants to have created a reasonable expectation in that the GAMMAGE would be provided with a safe workplace and that the laws & regulations regarding safe workplaces would be complied with. GAMMAGE relied to his substantial detriment upon those promises. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint

23.    **B. TORTUROUS BREACH OF CONTRACT – BAD FAITH**

24.    The Defendants failure to abide by the terms and conditions of the contract that will be supplemented when received by the Plaintiff in discovery constitutes a breach of contract, this willful breach of contract by the Defendants which was attended by such malice, insult, and abuse that it constitutes an independent tort, thus entitling the GAMMAGE to recover punitive damages as well as actual damages, which were proximately and foreseeable caused by the Defendants' breach.

25.    The Defendant deliberately made promises to GAMMAGE when they expected that GAMMAGE would rely on those promises. Those promises were known by the Defendants to have created a reasonable expectation in GAMMAGE that GAMMAGE would be provided with a safe workplace and followed laws. GAMMAGE relied to his substantial detriment upon those promises. Injustice can only be prevented by enforcing the Defendants' promises. The breach of contract/agreement was so severe and of such nature, that said breach constitutes bad faith and a torturous breach of contract rising above that of a typical breach. The Defendant was required to put his life into the hands of the employer's managers, and knowing that he was in a deadly

position, as GAMMAGE was stuck between two extremely large pipes. A fiduciary relationship was contracted for, and such created a special relationship.

26.     The breach of this contract by the Defendants was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

Given the conduct of the Defendants and the pecuniary ability or financial worth of the Defendants, then $2,000,000 for Defendant is well within the amount reasonably necessary for punishment of the wrongdoing, deterring the Defendants from similar conduct, and to make an example of the Defendants so others may be deterred.

27.     The exclusive remedy of Workers' Compensation had nothing to do with this case. The manager acted without consideration to the impact upon Defendant's family. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint.

28.     **C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

29.     The Defendants' unlawful conduct as previously described in this Complaint, was known to the Defendants to be likely to produce emotional distress in the GAMMAGE, and it did in fact produce emotional distress in GAMMAGE. As a direct and proximate result of the Defendants' unlawful conduct GAMMAGE has suffered emotional distress and emotional damage of at least $2,000,000. The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles GAMMAGE to recover actual and punitive damages as previously described.

30.     **D. FRAUDULENT CONCEALMENT & IMPLIED DUTY FOR GOOD FAITH AND FAIR DEALING**

31.     The Defendants failure to abide by the terms and conditions of the contract to be supplemented in this complaint during discovery, constitutes a breach of contract, this willful breach of contract by the Defendants which was attended by such malice, insult, and abuse that it constitutes an independent tort, thus entitling GAMMAGE to recover punitive damages as well as actual damages, which were proximately and foreseeable caused by the Defendants' breach. Furthermore, said breach is supplemented by the concealment and conspiracy to evade the law and regulations by creating a staffing arrangement which allowed Jindal to avoid having to report its misconduct to OSHA and others by making it appear that the injuries to the employees were the responsibility of Express and other "labor finding" companies rather than Jindal. To the extent that Express was aware of the forceable injuries and lack of compliance with common sense, safety regulations and laws, and the unsafe workplace, fraudulent concealment directly and proximately contributed and caused the injury to GAMMAGE in direct violation of the law.

32.     The Defendant deliberately made promises to GAMMAGE when they expected that GAMMAGE would rely on those promises, without the knowledge of the unsafe and deadly environment he was about the enter. The concealment of the known injuries to prior employees and associates and the failure to disclose the same to GAMMAGE was a breach of the implied duty for good faith and fair dealing and fraudulent concealment. The concealment, and broken promises were known by the Defendants to have created a reasonable expectation in GAMMAGE that GAMMAGE would be provided with a safe workplace and followed laws. GAMMAGE relied to his substantial detriment upon those promises. Injustice can only be prevented by enforcing the Defendants' promises. The breach of contract/agreement was so severe and of such nature, that said breach constitutes bad faith and a torturous breach of contract rising above that of a typical breach.

33.    The breach of this contract by the Defendants was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

Given the conduct of the Defendants and the pecuniary ability or financial worth of the Defendants, then $2,000,000 for Defendant is well within the amount reasonably necessary for punishment of the wrongdoing, deterring the Defendants from similar conduct, and to make an example of the Defendants so others may be deterred.

34.    The exclusive remedy of Workers' Compensation had nothing to do with this case. The manager acted without consideration to the impact upon Defendant's family. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint.

35.    **E. DUAL CAPACITY**

Jindal purchased its motorized vehicles in various places and countries, and reversed engineered it, removed all safety devices which slowed down productivity at the expense of the laborer, and as such, put itself in the role of manufacturer, and thereby, legally, has a dual responsibility to its laborers. As the manufacturer of the vehicles and machines used by its workforce, Jindal has liability for its unsafe product. The equipment did not have the appropriate features required by regulations, laws, rules and common sense, and as a proximate result of this, caused the damages described herein.

36.    **F. MISS. CODE. ANN. § 71-3-71 & UNJUST ENRICHMENT**

37.    Pursuant to Miss. Code. Ann. § 71-3-71, GAMMAGE is entitled to deduct the reasonable costs of collection from any proceeds in this matter, prior to having to reimburse Express for the settlement in the Workers' Compensation settlement he received. Because of the difficulty associated with this aspect of the law, and complexity of the arguments required to secure

compensation, GAMMAGE submits that the level of skill of his counsel must be beyond that one would typically need in an average case. Because of that fact, GAMMAGE submits that fair compensation for attorney's fees is more than usual, and as such, that is a factor which must be taken into consideration. Prior to reimbursement, GAMMAGE requests a hearing hereon to assist him in demonstrating the need for more than average reimbursement to the insurance carrier.

38.   **RELIEF**

39.   GAMMAGE   prays for a judgment providing the following relief:

40.   1. For breach of contract and each count set forth above: a judgment of this Court against the Defendants, awarding the GAMMAGE $2,000,000 for each count, along with pre-judgment and post-judgment interest thereon, the sum of which is uncertain at this time, but which be decided by a jury at a trial hereon, and further awarding GAMMAGE $5,000,000 in punitive damages from each defendant. GAMMAGE further prays that the Defendants be required to pay the costs of this action and reasonable attorneys' fees in the amount of $200,000.

41.   WHEREFORE PREMISES CONSIDERED, GAMMAGE, respectfully demands the Court to provide a jury trial and that he is entitled to damages; to be determined by a jury that is an amount sufficient to compensate damages set forth herein in amounts to be determined by a jury; and for such other relief, in law or equity, both general and specific, to which he may be entitled under the premises including all costs of these proceedings including expert witness fees to be taxed as costs of court and prejudgment and post judgment interest. Based upon the recommendation of his counsel, and strictly upon counsel's research of comparable injuries,

Defendant seeks no less than $2,000,000, $5,000,000 punitive damages and such other costs as the jury decides.

RESPECTFULLY SUBMITTED, this the 28th day of March 2022.

Respectfully submitted,

Michael W. Crosby
Attorney for Plaintiff

Michael W. Crosby Esq.
MS Bar #7888
2111 25th Avenue
Gulfport, MS 39501
228-865-0313
228-865-0337 (fax)
michaelwcrosby@bellsouth.net

So sworn and subscribed by me on this the 28th day of March 2022.

2 8 day of March , 2022.

PRENTIS GAMMAGE,
COMPLAINT

PRENTIS GAMMAGE

STATE OF MISSISSIPPI
COUNTY OF HARRISON

I, the undersigned authority in and for the jurisdiction aforesaid, PRENTIS GAMMAGE, affiant, who being by me first duly sworn, on oath states that the matters and facts set forth in the above and foregoing COMPLAINT, are true and correct as therein stated.

SWORN TO and subscribed before me on this the 28th day of March 2022.

NOTARY PUBLIC

ATTORNEY FOR PETITIONER

MICHAEL W. CROSBY

Michael W. Crosby, Attorney
MSB #7888
2111 25th Avenue
Gulfport, MS 39501
Tel: 228.865.0313
Fax: 228.865.0337
michaelwcrosby@bellsouth.net

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 124564
TYLER RAY HEFLIN
Commission Expires
July 11, 2022
HINDS COUNTY

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Hancock County

PRENTIS GAMMAGE VS JINDAL TUBULAR

Case # 22-0048          Acct #          Paid By CHECK 3712          Rct# 35054
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---:|
| CLERK'S FEES | 85.00 |
| JURY TAX | 3.00 |
| COURT REPORTERS FEE | 10.00 |
| LAW LIBRARY | 2.50 |
| COURT ADMINISTRATOR | 2.00 |
| STATE CT ED FUND | 2.00 |
| COURT CONSTITUENTS | .50 |
| ELECTRONIC COURT | 10.00 |
| LEGAL ASSISTANCE | 5.00 |
| JUDICIAL FUND-JUDGE RAISE | 40.00 |
| ARCHIVE FEE | 1.00 |

                                        ============
                          Total    $      161.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Payment received from MIKE CROSBY
                      2111 25TH AVE


                      GULFPORT          MS 39501

Transaction   51994 Received  3/29/2022 at 10:   Drawer   1 I.D. JASON

Current Balance Due          $0.00                Receipt Amount $    161.00

By _____ D.C.  KENDRA NECAISE, Circuit Clerk


Case # 22-0048          Acct #          Paid By CHECK 3712          Rct# 35054

Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

PRENTIS GAMMAGE                                                        PLAINTIFF

VERSUS                                        Cause No.:___      A2301-22-48

JINDAL TUBULAR USA LLC
And EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS                                                    DEFENDANTS

<u>**SUMMONS**</u>

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

TO:    **Capital Corporate Services, Inc.**
       **For Jindal Tubular USA LLC**
       **248 E. Capitol Street, Suite 840**
       **Jackson, MS  39201**

<u>**NOTICE TO DEFENDANT**</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport,
Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of
delivery of this Summons and Complaint or a Judgment by default will be entered against you
for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and seal of this Court on this the 22 day of July, 2022.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By: _____
        Deputy Clerk

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

PRENTIS GAMMAGE

PLAINTIFF

VERSUS

Cause No.:_____ 22-0048

JINDAL TUBULAR USA LLC
and EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS

DEFENDANTS

### SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

**TO:    C T Corporation System**
**For Express Services, Inc. d/b/a Express Employment Professionals**
**645 Lakeland East Drive Suite 101**
**Flowood, MS  39232**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport,
Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of
delivery of this Summons and Complaint or a Judgment by default will be entered against you
for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and seal of this Court on this the 22 day of November, 2022.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By_____
Deputy Clerk



BETH RATLIFF
t: (228) 214-0373
f: (888) 345-1931
e: bratliff@balch.com

August 9, 2022

VIA HAND DELIVERY
Ms. Kendra Necaise
Hancock County Circuit Clerk
152 Main Street, Suite B
Bay St. Louis, MS  39520

   Re:   Prentiss Gammage v. Jindal Tubular USA, LLC, et al.
         Circuit Cause No.  22-048

Dear Ms. Necaise:

       Enclosed please find our firm's check in the amount of $22.00 for payment of the fees associated with obtaining a certified copy of the above referenced case.

       Should you have any questions or require any additional information, please do not hesitate to contact me.

                              Sincerely,

                              BALCH & BINGHAM LLP

                              Beth Ratliff

BR

Enclosure

FILED

AUG 0 9 2022

KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

1310 Twenty Fifth Avenue    P.O. Box 130
Gulfport, MS 39501          Gulfport, MS 39502          ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | TEXAS | WASHINGTON, DC

Exhibit "A"